UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANNE L. RIGOR,                                                              11-CV-6332-TC

                    Plaintiff,

           v.                                          FINDINGS and RECOMMENDATION

FREEMONT INVESTMENT AND LOAN;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS(MERS);
NORTHWEST TRUSTEE SERVICES, INC.;
JP MORGAN CHASE BANK, NA; JP
MORGAN MORTGAGE ACQUISITION
CORP.; JP MORTGAGE ACCEPTANCE
CORP.; and US BANK NA,

                                  Defendants.

COFFIN, Magistrate Judge:

    Pro se plaintiff acquired her home in 2005 with a loan from Freemont Investment and Loan in the amount of $178, 000. The loan was secured by a deed of trust on the property. As of April 2010, plaintiff owed $199,000 on the loan. See Trustees Notice of Sale attached to Complaint.

Page 1 - FINDINGS and RECOMMENDATION

Plaintiff has filed "A Complaint to Suit to Quiet Title." Complaint, Exh. 1 to Notice of Removal (#1).

Presently before the court is defendants' motion (#8) to dismiss or strike and/or for a more definitive statement.

## STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

## DISCUSSION

The substance of plaintiff's "Complaint to Suit to Quiet Title" appears to be that various defendants "are not real and beneficiary parties of interest." Para. 38. Although the Complaint is replete with references to the alleged weaknesses of defendants' title, the Complaint fails to include any allegation that plaintiff has superior title to that of defendants, and that the subject loan has been satisfied or that plaintiff is ready, willing and able to tender the full amount owed on the loan. See, e.g., Coussens v. Stevens, 200 Or. App. 165, 171 (2005); Faw v. Larson, 274 Or. 643, 646 (1976); Yares v. Bear Stearns Residential Mortgage Corp., 2011 WL 2531090 (D.Ariz June 24, 20011); Gallant v. Deutsche Bank Natt. Trust Co., 766 F. Supp.2d 714, 719 (W.D. Va. 2011); Longley v. Wells Fargo Bank, 2011 WL 1637334 (D. Or. March 29, 2011). Instead, with few exceptions, the allegations consist of nothing more than general and threadbare legal conclusions, such as "the title is clouded," "there has been an invalid assignment of the deed of trust," "the debt is discharged," and "there is no evidence that defendants have standing in this matter." Para. 16, 60, 54, 50.[1]

---

[1] Further, at numerous points throughout the Complaint, the allegations erroneously assert that defendants must provide proof of their respective interests in the property by allowing inspection of the promissory note and deed of trust. Para 19 and 20. (For example, plaintiff alleges that "under Federal Rules of Evidence 1002 and 1003 governing admissibility of duplicates, any photocopies brought in as evidence are considered forgeries". Para. 6. Accordingly, plaintiff alleges that it would be "unfair to admit a photocopy in place of an original as there are [sic] information contained within the original that is not in a photocopy, specifically the only legally binding chain of title to the promissory note." Id. Further, plaintiff cites Uniform Commercial Code §3-308 for the proposition that "all signatures presented that is [sic] not on an original format (with the original wet ink signature) is [sic] hereby denied and inadmissible." Para. 7. )See, e.g., Hubburd v. Bank of America, 2011 WL 2470021, at *3 (D. Or. April 11, 2001); McDaniel v. BAC Home Loan Servicing, No. 10- 6143 HO, 2011 WL 1261387, at *3(D. Or. Mar. 31, 2011); Stewart v. Mort. Elect. Registration Sys., Inc., No. CV 09-687-PK, 2010 WL 1055131, at *12 (D. Or. Feb. 9, 2010).

Page 3 - FINDINGS and RECOMMENDATION

Pro se plaintiff requests that she be granted leave to amend her Complaint if the court finds the Complaint confusing, ambiguous or conclusory. This court does find the Complaint conclusory, ambiguous and confusing. If this Findings and Recommendation is adopted in its entirety, pro se plaintiff may file an Amended Complaint if plaintiff can state a claim and uses this opinion, including the standards set forth in Iqbal, supra, as a reference point in the drafting of such Amended Complaint.

## CONCLUSION

As set forth above, defendants' motion (#8) to dismiss or to strike and/or for a more definitive statement should be allowed to the extent the Complaint should be dismissed. If this Findings and Recommendation is adopted in its entirety, pro se plaintiff may file an Amended Complaint consistent with this opinion. Such amended complaint shall be filed within 20 days of the adoption of this Findings & Recommendation. A failure to amend within such time frame will result in the dismissal of this action for failure to prosecute, failure to follow a court order and for the reasons stated in defendants' motion.

,DATED this 13 day of February, 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 4 - FINDINGS and RECOMMENDATION